**Thomas GRUJA, Plaintiff-Libellant-Appellant,**

v.

**UNITED STATES LINES COMPANY, Defendant-Respondent-Appellee.**

No. 12, Docket 28239.

United States Court of Appeals
Second Circuit.

Submitted Sept. 23, 1964.

Decided Oct. 8, 1964.

Kenneth Heller, New York City (Donald S. Sherwood, New York City, of counsel), for plaintiff-libellant-appellant.

Kirlin, Campbell & Keating, New York City (James B. Magnor and Alexander P. Gillen, New York City, of counsel), for defendant-respondent-appellee.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM.

Plaintiff-libellant-appellant (libellant) was a boatswain aboard the SS Pioneer Minx, a freighter owned by the defendant, United States Lines. Michael Koliada was the licensed Chief Engineer of the Minx. Libellant alleged that Koliada, while intoxicated, severely assaulted him while both men were aboard the Minx in Hong Kong Harbor on January 29, 1959, and that the alleged assault by a fellow employee rendered the defendant shipowner liable in negligence and for breach of an implied warranty that the Minx was seaworthy. From the judgment and

final decree dismissing the libel and complaint, libellant appeals.

 Findings of fact of a court of admiralty sitting without a jury may not be set aside on appeal unless "clearly erroneous." Fed.R.Civ.P. 52; McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1948). Here it appears that the District Court's assessment of credibility and resultant findings of fact, on which the final decree was based, were not clearly erroneous within the meaning of Rule 52, McAllister v. United States, supra, since there is substantial evidence in the record to support these findings. Furthermore, an appellate court should not lightly substitute its judgment for that of the trier of fact.

A discussion of libellant's claims as to negligence and breach of seaworthiness warranty is unnecessary in view of the District Court's finding that libellant did not prove that the alleged assault actually took place or that he sustained any injuries therefrom.

Judgment affirmed.