346 F.2d 993
 Benjamin PISANO, Libellant-Appellant,
v.
The S.S. BENNY SKOU, her engines, boiler, tackle, etc., in
rem, and Ove Skou, D/S Ove Skou, A/S & D/S af 1937
A/S, Respondent-Petitioner-Appellee, v.
JOHN T.CLARK & SON,
Respondent-Impleaded-Appellee.
 No. 318, Docket 29112.
 United States Court of Appeals Second Circuit.
 Argued March 2, 1965.
Decided June 7, 1965.
 
 Harvey Goldstein, New York City (Alvin I. Apfelberg, New York City, of counsel; Goldstein & Sterenfeld, New York City, on the brief), for libellant-appellant.
 David P. H. Watson, New York City (Haight, Gardner, Poor & Havens, Robert K. Marzik, New York City, of counsel), for respondent-petitioner-appellee.
 Joseph Arthur Cohen, New York City (Alexander, Ash & Schwartz, Sidney A. Schwartz, New York City, of counsel), for respondent-impleaded-appellee.
 Before MOORE, KAUFMAN and HAYS, Circuit Judges.
 MOORE, Circuit Judge:
 
 
 1
 Libellant, Benjamin Pisano, appeals from a decree dismissing his action for personal injuries against the S.S. Benny Skou, in rem and Ove Skou, the shipowner.
 
 
 2
 Pisano was employed by Clark, a stevedoring firm engaged by Ove Skou, the owner of the 'Benny Skou,' which was berthed at Pier 51, North River. On July 22, 1960, Pisano was on board the Benny Skou in charge of a gang of three longshoremen loading cargo at #5 hatch. In the course of his duties, Pisano himself rigged the port or inshore cargo boom which was being used as the horizontal or burton boom. At about 10:00 A.M. Pisano properly stationed himself by the hatch to supervise the loading of two tons of ingots. As the load was lifted aboard, the burton boom swung sharply inboard out of control. The ingots carried by the boom were dumped to the deck, knocking a stack of hatchboards onto Pisano and causing him to suffer substantial injuries.
 
 
 3
 The District Court dismissed Pisano's libel and the indemnification claims, which depended on the disposition of the libel, on the ground that Pisano's injury was due entirely to his own carelessness in failing to take a half-hitch as a safety device in a preventer wire used as the main anchor for the burton boom.
 
 
 4
 Pisano argues that he presented sufficient evidence to show that the accident was caused by some other fault in the rigging of the boom or at least that the absence of a half-hitch in the preventer wire was not the cause of the accident. The record reveals that Pisano presented no concrete proof of the cause of the accident. Pisano himself testified on examination before trial that he had, in fact, carried out his duty to rig the burton boom but had not taken a half-hitch in the preventer. An investigation after the accident established that the preventer had run free and there was ample expert testimony to establish that the preventer would not have come loose under the strain of a two-ton load if a half-hitch had been taken. In this context, the trial court's conclusion that Pisano was 'guilty of 100% Contributory negligence,' 220 F.Supp. at 905, was reasonable and must be affirmed because not shown to be clearly erroneous. Gruja v. United States Lines Co., 337 F.2d 375 (2d Cir. 1964).
 
 
 5
 Pisano also argues that the trial court erred in denying him any recovery since the shipowner had a duty to provide safe working conditions aboard ship. However, the court's conclusion that 'the unseaworthiness (of the 'Benny Skou'), resulting from the manner in which the preventer was rigged, was the sole proximate cause of the injuries to libelant,' 220 F.Supp. at 905, indicates that the court considered the shipowner's possible liability and resolved the issues against Pisano. The District Court would have had to strain to find negligence in this case since the shipowner or his employees had no duty to inspect every knot in the rigging of every cargo boom aboard ship. At most a general inspection of conditions on board rather than minute, continuous supervision of every detail entrusted to a responsible stevedoring firm was all that was needed to satisfy the duty of reasonable care under the circumstances. And, even if the shipowner must share in the abstract any liability for breach of the seaworthiness warranty with the impleaded respondent Clark, Seas Shipping Co. v. Sieracki, 328 U.S. 85, 89-100, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), it is clear that compliance with the warranty does not require an accident-free vessel. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960).
 
 
 6
 Affirmed.